### L. B. OFFUTT, ET AL. *v.* J. W. BRADLEY.

[Abstract Kentucky Law Reporter, Vol. 5—334.]

**Warranty of Title.**
 · Before a grantee under warranty can maintain an action for breach of warranty she must show she has sustained loss; and where it appears she has sold the land and received the money therefor she has sustained no loss and can not recover on claim of breach of warranty.

### APPEAL FROM SCOTT COURT OF COMMON PLEAS.

October 13, 1883.

OPINION BY JUDGE PRYOR:

The amended or supplemental record filed in this case is decisive of the question raised as to the liability of the appellee as the case is now presented.

It is not necessary to discuss or determine in any manner the questions that might arise between the appellants, L. B. Offutt and wife, and the appellee in the event the former is compelled to account to the wife's vendees for the value of the land purchased under the decretal sale of Johnson as guardian for his wife. We ascertain from this record that the land purchased by Mrs. Offutt at the sale under the decree has been recovered by the infant child of Mrs. Johnson upon the ground that she failed to obtain title. This recovery is against a remote vendee of Mrs. Offutt, and this remote vendee has compromised the judgment, and so far as the appellants are concerned it does not appear from this record that she has been made liable upon her warranty, or has paid a dollar to any one by reason of the loss of this land to the subpurchaser. She is in court asking a judgment against the appellee, Bradley, for $3,900 with the interest on the amount of the purchase-money paid for the land, when it appears that she has sold the land and has sustained no loss whatever, but on the contrary a recovery from Bradley would give

her the $3,900 and permit her to retain what she has received from her vendee. She must certainly show a loss upon her part before the chancellor would undertake to make Bradley refund the money received from her, conceding that as commissioner he received the money and failed to pay it over as alleged in her complaint.

For the reasons indicated the judgment must be *affirmed*.

*Jas. E. Cantrill, Darnaby & Johnson, for appellants.*

*Alvin Duvall, for appellee.*